UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

VENUS CONCEPT USA INC., a Delaware corporation,

    Plaintiff,

v.

ATLANTA HEALTH MEDSPA LLC a Georgia limited liability company, PHILLIP WOFFORD and MARK SENTELL individually,

    Defendants.

Action No.:

## COMPLAINT

The Plaintiff, VENUS CONCEPT USA INC. ("Plaintiff"), by and through the undersigned counsel hereby files the instant Complaint against the Defendants, ATLANTA HEALTH MEDSPA, LLC, PHILLIP WOFFORD, and MARK SENTELL (collectively, the "Defendants"), for damages and equitable relief and, as grounds therefore, states, asserts, and alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for damages and other related relief that exceeds seventy-five thousand and 00/100 Dollars ($75,000.00), exclusive of interest, costs, and attorneys' fees.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C.§ 1332 on the basis of the amount in controversy exceeding $75,000 and the Plaintiff and Defendants being citizens of different States as outlined below.

3. Venue is proper in the Southern District of Florida since the parties agreed to litigate their claims in Miami-Dade County, Florida pursuant to the Subscription Agreement that is subject to this action.

4. Plaintiff is a Delaware corporation conducting business in Miami-Dade County, Florida and with its principal place of business located in Florida.

5. Atlanta Health MedSpa LLC ("Atlanta Health") is a Georgia limited liability company that conducts business in Marietta, Georgia.

6. Phillip Wofford ("Wofford") a *sui juris* individual over the age of eighteen (18) who is the director of Atlanta Health, conducted business and owes a debt in Marietta, Georgia, and who has guaranteed the performance of Atlanta Health's obligations under the agreement and contract that is the subject of this action.

7. Mark Sentell ("Sentell") a *sui juris* individual over the age of eighteen (18) who guaranteed the performance of Atlanta Health Center's obligations under the agreement and contract that is the subject of this action.

**Introductory Statement**

8. Plaintiff is a medical aesthetic device company in the business of providing aesthetic and cosmetic medical equipment and devices to its consumers, such as the Defendants. In or around December of 2018, Plaintiff provided and delivered its "Venus Versa Multi-Treatment System" — as well as additional beauty supplies and goods — to the Defendants, to which the Defendants received and accepted. As is explained in greater detail below, the Defendants failed to provide Plaintiff the benefit of their bargain and have failed to adequately compensate Plaintiff the reasonable value of the goods the Defendants have received, accepted, and enjoyed.

**GENERAL ALLEGATIONS**

9. Plaintiff and Atlanta Health entered into and executed a "Subscription Agreement" dated December 5, 2018 ("Subscription Agreement"), whereby Plaintiff promised to deliver

certain beauty/cosmetic goods and supplies to Atlanta Health Center in consideration for Atlanta Health Center's promise to pay the "Aggregate Amount" of $100,700.00 in certain monthly installments listed therein. A true and correct copy of the Subscription Agreement is attached hereto as **Exhibit "A"** and is incorporated into, adopted, and made a part hereof through this reference.

10. On the same days as the execution of the Subscription Agreement, Sentell and Wofford, executed and delivered a guaranty to to Plaintiff ("Guaranty) wherein Sentell and Wofford personally guaranteed the full payment and performance of all obligations of Atlanta Health under the Subscription Agreement. A true and correct copy of the Guaranty is included within the Subscription Agreement attached hereto as **Exhibit "A"** referenced above.

11. Plaintiff delivered all supplies and materials listed within the Subscription Agreement to the Defendants, to which the Defendants received and accepted.

12. Pursuant to the terms of the Subscription Agreement, the Defendants were to pay the sum of the Aggregate Amounts of the Subscription Agreement ($100,700) in monthly installments upon the thirtieth (30th) day from the estimated date of delivery and payable every thirty (30) days thereafter. *See Subscription Agreement*, § B.  However, the Defendants have failed to pay Plaintiff the requisite monthly installments since July 26, 2019.

13. The Defendants' failure to make any of the requisite payments due and owing since July 26, 2019, constitutes an event of "Default" under the Subscription Agreement. *See Subscription Agreement*, § 13.a. ("Each of the following is a material default by [the Defendants]: The [Defendants] fail[] to make any payment or pay any other amounts due under this Agreement . . . within ten (10) days after the same is due and payable[.]").

4814-5902-8708.1   3

14. Upon the happening of a Default, the Subscription Agreement allows for and provides Plaintiff with the right to immediately terminate same and to accelerate any and all payments remaining under the Subscription Agreement that would not have otherwise been due and owing but for the Default:

> **14. Effect of Default –** In the event of any Default, [Plaintiff] may take any one of the following actions (separately or cumulatively): (i) *terminate this Agreement with immediate effect* and in such case the provisions of Section 15 below shall apply . . .
>
> **15. Effect of Termination or Expiration** – In the event of termination or expiration of this Agreement, the following shall apply:
>
> The [Defendants] shall pay forthwith (without notice) to [Plaintiff] as liquidated damages, and not as a penalty, an amount . . . equal to the aggregate of:
>
>> (i) *Unpaid payments and other amounts payable hereunder and unpaid as of the date of Default* [(i.e., July 26, 2019)], and
>>
>> (ii) The unpaid value of:
>>
>>> (A) Any remaining Monthly Installment payable from the date of Default, and
>>>
>>> (B) Amounts otherwise payable under the Agreement, and
>>
>> (iii) *Any Enforcement Costs* [(which include "all costs and expenses in respect of collection, legal fees, repossession, repair of System, enforcement of [Plaintiff's] rights or remedies, sale[,] or re-lease costs or other realization costs)] incurred by [Plaintiff], and
>>
>> (iv) *Interest thereon* [(at the rate of eighteen percent (18%) per annum)] from the date of the Default [(i.e., July 26, 2019)] until payment in full.

*Subscription Agreement,* §§ 14-15 (emphasis added).

15. In connection with the above-quoted language, and because the Defendants defaulted by failing to pay all amounts since July 26, 2019 or any time thereafter, the Plaintiff, by and through the undersigned counsel, delivered correspondence dated April 9, 2021 to the Defendants' legal counsel terminating the Subscription Agreement and demanding payment of any and all amounts due under same, including interest, costs, and attorneys' fees, as is allowable under the clear and unambiguous language of the Subscription Agreement ("Notice of Termination"). A true and correct copy of the Notice of Termination is attached hereto as **Exhibit "B"** and is incorporated into, adopted, and made a part hereof through this reference.

16. As of April 9, 2021, the Defendants — jointly and severally — owe Plaintiff: (a) a total of one hundred twenty thousand one hundred twenty-four and 78/100 ($120,124.78) dollars, consisting of the remaining value of the contract, plus interest due on all amounts past due at a rate of 18% compounded monthly which has accrued since July 26, 2019.

17. All conditions precedent to filing this action have been met by Plaintiff or have otherwise been waived or excused by the Defendants.

18. Plaintiff has retained the undersigned counsel to bring this action and has agreed to pay a reasonable fee for said attorneys' fees and costs; and Plaintiff is entitled to recover its attorneys' fees, costs, and expenses for bringing this action.

## COUNT I – BREACH OF CONTRACT

19. Plaintiff hereby realleges, restates, reasserts, and incorporates the allegations contained in paragraphs one (1) through seventeen (18) as if set forth at length herein.

20. This is an action against the Defendants, jointly and severally, for breach of the Subscription Agreement.

21. Plaintiff and Defendants entered into and executed the Subscription Agreement.

22. Plaintiff fully performed under the Subscription Agreement by providing the Defendants with all medical and cosmetic equipment required to be delivered under the Subject Agreements.

23. The Defendants have defaulted under and materially breached the Subscription Agreement by failing and refusing to pay the remaining amounts due and owing to Plaintiff pursuant to same.

24. Plaintiff has suffered damages as a result of the Defendants' material breach of the Subscription Agreement.

25. As of April 9, 2021, and pursuant to the Subscription Agreement, Plaintiff is owed a total of one hundred twenty thousand one hundred twenty-four and 78/100 ($120,124.78) dollars, consisting of the remaining value of the contract, plus interest due on all amounts past due at a rate of 18% compounded monthly which has accrued since July 26, 2019.

WHEREFORE, the Plaintiff, VENUS CONCEPT USA INC., respectfully requests and hereby demands judgment for liquidated damages in the sum of one hundred twenty thousand one hundred twenty four and 78/100 ($120,124.78) dollars, against the Defendants, ATLANTA HEALTH MEDSPA, LLC, MARK SENTELL, and PHILLIP WOFFORD, jointly and severally, together with post-judgment interest, attorneys' fees, and costs, as well as any additional relief this Honorable Court deems necessary, reasonable, equitable, just, and/or proper.

## **COUNT II – BREACH OF GUARANTY**

26. Plaintiff hereby realleges, restates, reasserts, and incorporates the allegations contained in paragraphs one (1) through eighteen (18) as if set forth at length herein.

27. This is an action against Sentell and Wofford for breach of the Guaranty.

28. Sentell has guaranteed the performance of Atlanta Health's obligations under the Subscription Agreement.

29. Wofford has guaranteed the performance of Atlanta Health's obligations under the Subscription Agreement.

30. As a result of the Defendants' breaches and defaults under the Subscription Agreement, Wofford and Sentell are obligated to pay all amounts due and owing Plaintiff under the Subscription Agreement.

31. Plaintiff has demanded that Sentell and Wofford pay to Plaintiff the amounts due and owing under the Subscription Agreement; however, Sentell and Wofford have failed to make the required payments.

32. Sentell has breached the Guaranty by failing and refusing to pay Plaintiff the amounts due and owing Plaintiff under the Subscription Agreement.

33. Wofford has breached the Guaranty by failing and refusing to pay Plaintiff the amounts due and owing Plaintiff under the Subscription Agreement.

34. Plaintiff has suffered damages as a result of Wofford's and Sentell's breach of the Guaranty.

WHEREFORE, the Plaintiff, VENUS CONCEPT USA INC., respectfully requests and hereby demands judgment for liquidated damages in the sum one hundred twenty thousand one hundred twenty-four and 78/100 ($120,124.78) dollars, against Defendants, MARK SENTELL and PHILLIP WOFFORD, together with post-judgment interest, attorneys' fees, and costs, as well as any additional relief this Honorable Court deems necessary, reasonable, equitable, just, and/or proper.

**COUNT III – UNJUST ENRICHMENT**

35. Plaintiff hereby realleges, restates, reasserts, and incorporates the allegations contained in paragraphs one (1) through eighteen (18) as if set forth at length herein.

36. This is an action against the Defendants, jointly and severally, for unjust enrichment.

37. Plaintiff conferred to the appreciation of the Defendants certain benefits in the form of highly advanced, sophisticated, and costly cosmetic medical equipment, devices, and supplies.

38. The Defendants accepted and retained said benefits under circumstances which make it inequitable for them to have retained same without paying the value of the benefits received.

WHEREFORE, the Plaintiff, VENUS CONCEPT USA INC., respectfully requests and hereby demands judgment against the Defendants, ATLANTA HEALTH MEDSPA,LLC, PHILLIP WOFFORD, and MARK SENTELL, jointly and severally, for damages, prejudgment interest, attorneys' fees and costs, as well as any additional relief this Honorable Court deems necessary, reasonable, equitable, just, and/or proper.

### COUNT IV – OPEN ACCOUNT

39. Plaintiff hereby realleges, restates, reasserts, and incorporates the allegations contained in paragraphs one (1) through eighteen (18) as if set forth at length herein.

40. This is an action against the Defendants, jointly and severally, for open account.

41. At the time of filing this action, the Defendants owe Plaintiff an open account with a past due amount of Seventy three thousand three hundred thirty one and 31/100 dollars ($73,331.31) since July 26, 2019. Pursuant to the terms of the Subscription Agreement, Plaintiff owes a total of one hundred twenty thousand one hundred twenty-four and 78/100 ($120,124.78)

dollars, consisting of the remaining value of the contract, plus interest due on all amounts past due at a rate of 18% compounded monthly which has accrued since July 26, 2019.

42. A true and correct copy of Plaintiff's Statement evidencing the outstanding and open account is attached hereto as **Exhibit "C"** and is incorporated into, adopted, and made a part hereof through this reference.

43. WHEREFORE, the Plaintiff, VENUS CONCEPT USA INC., respectfully requests and hereby demands judgment for liquidated damages in the sum of of one hundred twenty thousand one hundred twenty-four and 78/100 ($120,124.78) dollars against the Defendants, ATLANTA HEALTH MEDSPA, LLC, MARK SENTELL, and PHILLIP WOFFORD, jointly and severally, together with post-judgment interest, attorneys' fees, and costs, as well as any additional relief this Honorable Court deems necessary, reasonable, equitable, just, and/or proper.

## COUNT V – ACCOUNT STATED

44. Plaintiff hereby realleges, restates, reasserts, and incorporates the allegations contained in paragraphs one (1) through eighteen (18) as if set forth at length herein.

45. This is an action against the Defendants, jointly and severally, for account stated.

46. Before the institution of this action, Plaintiff and the Defendants had business transactions between them whereby they agreed to the resulting balance as demonstrated by the Defendants' signatures and execution of the Subscription Agreement and Plaintiff's furnishing and tender of the medical goods listed therein. True and correct copies of the Plaintiff's Invoices evidencing the agreed upon balance are attached hereto as **Composite Exhibit "D"** and are incorporated into, adopted, and made a part hereof through this reference.

47. The Defendants agreed and consented to the monthly installments of the Aggregate Amounts listed in the Subscription Agreement by accepting the goods provided by Plaintiff and

paying a portion of the amounts due and owing Plaintiff from the execution of the Subscription Agreement until July 26, 2019.

48. The Defendants never objected to the amounts due and owing Plaintiff and thereby agreed to the resulting balance of same.

49. The Defendants have not paid the balance due after a reasonable time and have refused to pay, even though Plaintiff has made demand for payment upon the Defendants.

50. The Defendants remain liable to compensate Plaintiff the outstanding balance of of one hundred twenty thousand one hundred twenty-four and 78/100 ($120,124.78) dollars, consisting of the remaining value of the contract, plus interest due on all amounts past due at a rate of 18% compounded monthly which has accrued since July 26, 2019.

WHEREFORE, the Plaintiff, VENUS CONCEPT USA INC., respectfully requests and hereby demands judgment for liquidated damages in the sum of of one hundred twenty thousand one hundred twenty-four and 78/100 ($120,124.78) dollars against the Defendants, ATLANTA HEALTH MEDSPA, LLC, MARK SENTELL, and PHILLIP WOFFORD, jointly and severally, together with post-judgment interest, attorneys' fees, and costs, as well as any additional relief this Honorable Court deems necessary, reasonable, equitable, just, and/or proper.

## COUNT VI – REPLEVIN

51. Plaintiff hereby realleges, restates, reasserts, and incorporates the allegations contained in paragraphs one (1) through eighteen (18) as if set forth at length herein.

52. To the extent this Honorable Court denies any and/or all of the Plaintiff's prior claims and causes of action, this is an action against the Defendants for replevin.

53. Upon best information and belief, the Defendants are in possession of the medical equipment, devices, and supplies ("Goods") delivered pursuant to the Subscription Agreement.

54. Plaintiff is entitled to possession of the Goods pursuant to Section 15 of the Subscription Agreement.

55. The Goods are being wrongfully detained and withheld by the Defendants.

56. The Goods have not been taken for a tax, assessment, or fine pursuant to the law.

57. The Goods have not been taken under an execution or attachment against the property of Plaintiff for a tax, assessment, or fine pursuant to the law.

58. Plaintiff has demanded the return of the Goods and the Defendants have failed and refused to return same.

WHEREFORE, the Plaintiff, VENUS CONCEPT USA INC., respectfully requests and hereby demands judgment for possession of the Goods from the Defendants, ATLANTA HEALTH MEDSPA, LLC, MARK SENTELL and PHILLIP WOFFORD, and damages together with attorneys' fees, costs, and any additional relief this Honorable Court deems necessary, reasonable, equitable, just, and/or proper.

[*SIGNATURE ON FOLLOWING PAGE*]

DATED: April 13, 2021  Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP
Attorneys for Plaintiff
110 SE 6th Street, Suite 2600
Fort Lauderdale, Florida 33301
Telephone: 954.728.1280
Facsimile: 954.728.1282
david.hawthorne@lewisbrisbois.com
melissa.vanhuss@lewisbrisbois.com
ftlemaildesig@lewisbrisbois.com

BY: /s/ David M. Hawthorne
David M. Hawthorne
FBN 935174

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 13, 2021, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service list in the manner specified, either via transmission of notices of electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of filing.

*/s/ David M. Hawthorne*
**DAVID HAWTHORNE, ESQ.**
Florida Bar No. 935174

## SERVICE LIST

Andrew Woods
Akers&Woods, LLC
2893 Cherokee Street NW
Kennesaw, Georgia 30144
andrew@akerswoodslaw.com
*Attorney for Defendant*